NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY GLATT,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7030

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 10-3368, Judge John J. Farley, III.

---

Decided:  April 4, 2012

---

ANTHONY GLATT, of Hampton, Virginia, pro se.

ANTONIA R. SOARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN HOCKEY, Assistant Director.  Of counsel on the brief was

DAVID J BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, LINN, and WALLACH, *Circuit Judges*.

PER CURIAM.

The U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirmed two decisions by the Board of Veterans' Appeals ("Board") denying Mr. Anthony Glatt an effective date earlier than July 31, 1995 for entitlement to service connection for major depressive disorder and dealing with apportionment of compensation benefits to his spouse from July 1, 2006 to October 31, 2006. Because this appeal calls for the adjudication of factual disputes, this court dismisses for lack of jurisdiction.

I.

Mr. Glatt served on active duty in the U.S. Marine Corps from November 1974 to November 1976. In 1989, Mr. Glatt was diagnosed with a major depressive disorder by a private physician. In 1995, Mr. Glatt filed a claim with the Department of Veteran Affairs ("VA") seeking disability benefits. In January 1999, the Regional Office ("RO") granted service connection for his major depressive disorder, effective July 31, 1995. Mr. Glatt disagreed with the effective date and appealed. In December 2000, the Board denied Mr. Glatt's appeal. When Mr. Glatt declined to appeal the decision, it became final. In September 2004, the Board denied Mr. Glatt's application to reopen his claim for an earlier effective date.

In July 2006, the RO received an apportionment request from Mr. Glatt's spouse. The RO notified Mr. Glatt

of the request and his rights in an August 2006 letter. In October 2006, the RO granted the request and authorized $500 a month apportionment effective July 1, 2006. Mr. Glatt filed a notice of disagreement in later that same month and submitted an October 23, 2006 Philippine court decision that annulled his marriage. The RO stopped the apportionment, effective November 1, 2006, because of the annulment.

## II.

This court's jurisdiction to review Veterans Court decisions is strictly limited. Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Absent a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Glatt asks this court to review the sufficiency of the evidence underlying the Veteran's Court and Board decisions denying him an earlier effective date for major depressive disorder and approving the apportionment of his compensation benefits. Mr. Glatt's arguments relate to questions of fact and are beyond the jurisdiction of this court. Moreover, the Veterans Court found Mr. Glatt's freestanding claim for an earlier effective date, which did not allege clear and unmistakable error in the original unappealed decision of December 2000, was not properly before it. Likewise, this court cannot adjudicate that claim.

The only legal issue raised by Mr. Glatt's brief is a claim that his Seventh Amendment right to a jury trial

was violated by the VA's adjudication of both claims at issue in this appeal. While the Seventh Amendment provides the right to a jury trial in civil suits at common law, it is not "implicated in the VA adjudication process." *Paswell v. Nicholson*, 21 Vet. App. 102, 2006 WL 2106952, at \*2 (June 6, 2006); *see also Tull v. United States*, 481 U.S. 412, 418 n.4 (1987) ("the Seventh Amendment is not applicable to administrative proceedings"). Accordingly, Mr. Glatt's constitutional argument is without merit.

For the foregoing reasons, this court dismisses Mr. Glatt's appeal for lack of jurisdiction.

## DISMISSED

No costs.